# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

Lyle W. Cayce
Clerk

No. 11-60241
Summary Calendar

KARLA BIVIANA MATIAS MIRANDA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 318 147

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Karla Biviana Matias Miranda, a native and citizen of Guatemala who is of Mayan Indian ancestry, petitions this court for review of the Board of Immigration Appeals' (BIA) order vacating the Immigration Judge's (IJ) grant of withholding of removal. She does not challenge the BIA's dismissal of her appeal of the IJ's denial of her applications for asylum and protection under the Convention Against Torture (CAT). She has therefore abandoned any challenge to that portion of the BIA's order. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2003) (per curiam). Miranda argues that the IJ properly concluded that she would more likely than not be persecuted if returned to Guatemala. She does not claim past persecution. *See Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007). She challenges the BIA's conclusion that she failed to establish the objective prong of fear of future persecution. The BIA, she argues, improperly substituted its factual conclusions for those of the IJ.

This court has the authority to review only the decision of the BIA except to the extent the IJ's ruling affected the BIA's decision. *See Zhu*, 493 F.3d at 593. Factual findings of the BIA are reviewed for substantial evidence, and questions of law are reviewed de novo. *Id.* at 594. This court may reverse a decision on a factual finding only when the evidence compels it. *Id.* at 593; 8 U.S.C. § 1252(b)(4)(B).

Miranda's argument that the BIA improperly conducted a de novo review of the IJ's factual findings and substituted its opinion for the IJ's is unexhausted because she did not raise it in a motion to reconsider before the BIA. *See Omari v. Holder*, 562 F.3d 314, 319-20 (5th Cir. 2009). This court therefore lacks jurisdiction to consider the argument, and that portion of her petition for review is dismissed without prejudice. *See id.* at 321.

Miranda's testimony and the reports on Guatemala introduced before the IJ do not compel the conclusion that she more likely than not would be singled out for persecution on account of her ethnicity or that a pattern or practice of persecution against Mayans exists in Guatemala. *See* 8 C.F.R. § 1208.16(b)(2); *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005).

The petition for review is DISMISSED WITHOUT PREJUDICE IN PART and DENIED IN PART.